http://www.va.gov/vetapp16/Files3/1621732.txt

Citation Nr: 1621732 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 12-27 864 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUE

Entitlement to service connection for Meniere's disease. 

(The issues of entitlement to service connection for otitis media of the right ear will be addressed in a separate concurrently issued Board decision.)

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Devon Rembert-Carroll, Associate Counsel

INTRODUCTION

The Veteran had active duty service from May 1966 to April 1968. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in June 2012 of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. Jurisdiction was eventually transferred to the RO in St. Petersburg, Florida. 

In July 2014, the Veteran testified before the undersigned Veterans Law Judges (VLJ). A transcript of the hearing is of record. 

In a November 2014 decision, the Board remanded the appeal for further development. 

The Board notes that the Veteran filed a notice of disagreement with a September 2014 rating decision on the issue of entitlement to service connection for a left ankle disability in August 2015. In June 2015 he submitted a notice of disagreement with a February 2015 rating decision denying higher ratings for pes planus and sinusitis. As the notices of disagreement were acknowledged in July 2015 and November 2015, the Board will not address those issues herein. 

This appeal was processed using the Veterans Benefits Management System (VBMS). A review of the Veteran's Virtual VA claims file reveals VA treatment records dated November 2001 to June 2012. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

As part of the November 2014 remand, the Board instructed that the Veteran be afforded a new VA examination by an ear, nose and throat (ENT) physician. The Board notes that the April 2011 VA examiner concluded that an ENT should conduct the examination. The Veteran was afforded VA examination in December 2014. The examiner was a physician, but not an ENT specialist as instructed in the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). As such, the Board finds that a remand is necessary to afford the Veteran a VA examination conducted by an ENT physician. 

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran another opportunity to identify any pertinent treatment records for his Meniere's disease. The RO/AMC should secure any necessary authorizations. If any requested outstanding records cannot be obtained, the Veteran should be notified of such.

2. Obtain all outstanding VA treatment records dated April 2015 to the present. 

3. Schedule the Veteran for an examination with an ENT physician to determine the current nature and etiology of any Meniere's disease. The claims folder should be made available for the examiner to review in conjunction with the examination and the examination report should reflect the records were reviewed. 

The examiner should determine:

* whether any Meniere's disease at least as likely as not had its onset in service or is otherwise the result of a disease or injury in service; 

* whether any Meniere's disease is it as likely as not caused (in whole or in part) by another service-connected disability; and 
* whether any Meniere's disease is it as likely as not aggravated (permanently worsened) by a service-connected disability. 

o If the Meniere's disease is aggravated by a service-connected disability, the examiner should also indicate the extent of such aggravation by identifying the baseline level of the Meniere's disease. 

The examiner's attention is directed toward: the February 1968 RMH; January 1971 private medical affidavit; July 1986 nursing note showing the Veteran felt dizzy; February 2008, August 2009 and July 2010 Dr. J.B.T. records and the Veteran's July 2014 assertions regarding his claim. 

All conclusions should be supported with reasons and citation to accurate facts.

4. Readjudicate the claim. If the decision remains in any way adverse to the Veteran, provide him with a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claims for benefits, to include the applicable law and regulations considered pertinent to the issue remaining on appeal as well as a summary of the evidence of record. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

___________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).